Opinion of
the Court.
IN virtue of an execution against Dicken, at the suit of Love and Veal, the sheriff took property from the possession of Caldwell; and Caldwell having executed to the sheriff a bond for the delivery of the property on the day of sale, but failing to comply with its condition, an execution being levied upon his estate also, he gave a replevin bond for the payment of the demand, and and some time thereafter exhibited his bill in equity, alleging, among other things, the payment of the demand to Love by Dicken, against whom the original execution issued, and charging a combination between Love and Veal, and Thomas Dean, who pretends claim to the demand, to again coerce payment.
The bill as to Love and Veal, was taken for confessed, and the answer of Dean denies the allegations of the bill, charges he is the equitable owner of the demand, and furthermore alleges that if Dicken paid the same, it was after full knowledge of his equity.
On a final hearing, the court below dismissed the bill, and from their decree Caldwell has appealed to this court.
As the bill is taken for confessed against Love and Veal, its allegations in relation to them must be considered as true; and consequently, if they were the only persons claiming an interest in the demand, as payment is expressly charged to have been made to Love, Caldwell should most clearly be relieved. But if payment was made to Love, as Dean charges in his answer, after notice of Dean’s so far from relieving against him, a court of chancery would, with peculiar delight, interpose, if necessary, and protect him againts any collusive acts of those concerned him. Before he can, however, be entitled to protection even in a court of equity, it is certainly incumbent upon Dean to show that he is a purchaser of the demand from Love for a valuable consideration. This, from the proof and exhibits in the cause, we are of opinion has not been done. The evidence in relation to his interest, entitled to any weight, is the endorsement on the execution by himself, as the attorney in fact of Love, stating that it was for the benefit of himself but as the endorsement *240 contains nothing to show how Dean became entitled to the benefit of the execution, it cannot be from thence inferred that he was a purchaser for a valuable consideration. The endorsement, it is true, purports to have been made under a power of attorney filed in the cause; but as the power vests nothing but a naked authority in Dean to act and do any thing in the suit in the name of Love, if it could be construed into an authority to sell the demand, it cannot, upon the liberal rules of interpretation, be construed into evidence of a sale having been made for a valuable consideration. Because, then, Dean has failed to manifest his equity to the demand, the court below should have granted to Caldwell, upon the bill being taken for confessed against the other defendants in that court, the appropriate relief.
But it is contended Dicken ought to be before the court, before relief is granted to Caldwell. Had the execution issued against Dicken, it might have been necessary to make him a party; but, as upon the replevin bond being given by Caldwell alone, no further process could have issued againts Dicken, we suppose it was not necessary to bring him before the court.
Decree reversed.